ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2011 SEP 21  PM 1: 53

DEPUTY CLERK ____

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| THOMAS DENSMORE ) | |
| 3064 Cameo Ln ) | |
| Dallas, Texas 75234-3608 ) | |
| (214) 789-6305 ) | |
|     Plaintiff ) | |
| v. ) | |
| DOUGLAS H SHULMAN in his capacity ) | Civil Action No._____ |
| COMMISSIONER OF THE ) | |
| INTERNAL REVENUE SERVICE. ) | **3-11CV2468-N** |
| 1111 Constitution Avenue N.W. ) | |
| Washington, DC 20009 ) | |
| And ) | |
| NOEL DELGADO in his official capacity ) | |
|     Defendants ) | |
| ) | |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### NATURE OF ACTION

1.      This is an action under pursuant to Federal Rule of Civil Procedure 65, and 26

U.S.C.§§ 7402, 7407 and 7408, the Plaintiff, Thomas Densmore seeks preliminary

injunctive relief against the Defendants, Commissioner of the Internal Revenue and Neol

Delgado, both jointly and severally.U.S.C.§§26 U.S.C 7213 7213A, 26 U.S.C 7214,

26U.S.C.§§§§ 6321, 7431(a)(1), 7433, and 7432 26U.S.C. § 6103(b)(8), 26U.S.C. 26

U.S.C. § 6102(b)(7), 26 U.S.C. § 6103(b)(6) 26 U.S.C. § 7214 (a)(1), for declaratory and

injunctive relief seeking to compel the Internal Revenue Service Personal to cease from

continued harassment and unauthorized collection activities.

2.      The Internal Revenue Service filed a lien on the Plaintiff wrongfully. The federal

tax lien arises when any "person" liable to pay any federal tax fails to pay the tax after a

demand by the Government for payment IRC§ 6321. For federal tax law purposes a

"person" is defined to included individuals, trusts, estates, partnerships, associations, companies and corporations. The lien is effective from the date the Government assesses the tax even though the notice and demand for payment ordinarily gives the taxpayer an additional 10 days after assessment to pay the tax. Thus, if the taxpayer neglects or refuses to pay the assessed tax, then the lien is deemed to relate back to the assessment date IRC§ 6322. The Service is not required to file a NFTL (Notice of Federal Tax Lien) in order for the tax lien to attach. IRC§ 6322 also delineates when a Federal Tax Lien should not be filed in the Internal Revenue Manuel( IRM 5.12.2.42(2) (A) The taxpayer is a defunct corporation or LLC's(where the LLC is liable)  whose assets have been previously liquidated(B) The taxpayer is deceased and there are no known assets in an estate(C)  The taxpayer resided abroad and has no know assets in the United States (3) (A) The taxpayer is a corporate entity or LLC(where the LLC is liable ) that has gone through a liquidation bankruptcy or receivership regardless of dollar amount.(B) When a non-paying officer has been assessed the Trust Fund Recovery Penalty (TFRP) and an adjustment to  the TFRP is pending because the assessment has been paid by another office.(C) There is an indication that the liability has been satisfied or that credits are available to satisfy the liability,(D) The taxpayer is in bankruptcy and the NFTL relates to liabilities incurred before the taxpayer  filed bankruptcy. Section 362(a) of the Bankruptcy Code imposes an automatic stay that prohibits all creditors from taking certain collection actions against the debtors in bankruptcy. Consult Counsel to determine if a NFTL may be filed after the automatic stay ends. (E) There is genuine doubt as to the validity of the liability. But the revenue office must document the taxpayer's justification and the method of resolution (payment tracer, amended return, credit transfer etc.). In

short," persons" who are responsible for the payment of withholding taxes are those who "had the final word as to what bill should be paid, and when". Mr. Densmore does not fit into this category as he had no authority to handle financial affairs and thus is not a ":responsible party" within the meaning of 26 U.S.C. § 6672. In furtherance of Mr. Densmore's argument see *Slodov v United States*, the Supreme Court created an exception to § 6672 liability intended to "encourage new management to salvage failing businesses" without incurring tax liability for back taxes. If such an exception did not exist, " a well counseled person contemplating assuming control of a financial beleaguered corporation owing back employment taxes would recognize that he could do so without incurring personal civil and criminal penalties only if the were available sufficient borrowed or personal funds fully to pay all back employment taxes before doing any business." Therefore, the Court concluded, when the individual who caused the delinquency in tax payments is also a "responsible party" at the time the government attempts to collect from the employer has failed, § 6672 applies to that individual and not to the new manager.. When, on the other hand, there has been a change in control of the corporation prior to the expirations of the tax quarter, or a t a time when tax delinquency for pay quarters already exists, liability may not inure to the new management unless a trust has been impressed under § 7501 prior to the accession of the new" responsible person". Revenue Officer, Noel Delgado knows or should have known that Mr. Densmore is not liable  for employment tax which was stated by the "responsible party" of the defunct corporation, American Medical Staffing Inc.   Under 18 U.S.C. § 1030 and 26 USC 7214 which states: *(a) unlawful acts of revenue officers or agents. Any officer or*

*employee of the United States acting in connection with any revenue law of the United*

*States-*

> *(1) who is guilty of any extortion or willful oppression under color of law, or*
>
> *(2) who knowingly demands other or greater sums that authorized by law...*
>
> *(3) who with intent to defeat the application of any provision of this title fails to*
>
> *perform any of the duties of his office or employment.*

*"When lawsuits are brought against federal officials, they must be brought against them in their "individual" capacity not their official capacity. When federal officials perpetrate constitutional torts, they do so ultra vires and lose the shield of immunity."* Williams v U.S. Department of Agriculture, *815 F.2d. 369, ACLU Foundation v. Barr, 952 F.2d. 457, 293 U.S. App.DC 101, (CA DC 1991).*

*"Personal involvement in deprivation of constitutional rights is prerequisite to award of damages, but defendant may be personally involved in constitutional deprivation by direct participation, failure to remedy wrongs after learning about it, creation of a policy or custom under which unconstitutional practices occur or gross negligence in managing subordinates who cause violations." (Gallegos v. Haggerty, N.D. of New York, 689 F. Supp. 93 (1988).*

*"Sovereign immunity does not shield the individual perpetrators in their individual capacity, as opposed to their official, capacities. White v Franklin, 637 F. Supp. 601, 612(N.D. Miss. 1986); Keese v United States, 632 F.Supp.85, 92 (S.D. Texas. 1985). "* Williams-on v U.S. Depart of Agriculture, *815 F.2d 368 at 379, (5th Cir. 1987).*

Complaint for Injunctive Relief and Declaratory                                      4

4.      The plaintiff also brings this action under IRS Misconduct pursuant to 26 U.S.C §7214 (a) (1) (8) and 26 § 1203 (a) () to obtain declaratory and injunctive relief against the IRS agents for violation of civil and constitutional rights. Revenue Officer Noel Delgado knows or should know that Mr. Densmore is under the exception outlined in 26 U.S.C § 7501.

## JURISDICTION

5.      This Court has jurisdiction under 28 U.S.C. §§§§ 1331, 1340, 1343, and 1345.

6.      Venue lies in the United States District Court because the lawsuit concerns a federal question.

## PARTIES

7.      Plaintiff, Thomas Densmore, is a taxpayer.

8.      Defendant, is the Commissioner Internal Revenue Service, is an agency of the United States, and the other defendant is Noel Delgado an employee of Internal Revenue Service.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

9.      Plaintiff timely exhausted administrative remedies, by attending collection conferences and attending Collection Due Process hearing, filing Offer in Compromise, and appealing the decision not once but twice pursuant to section 7430.

Complaint for Injunctive Relief and Declaratory                                                    5

## FACTUAL BACKGROUND

10.    Mr. Densmore the Plaintiff joined American Medical Staffing Inc. for one reason only. The reason was to get some stability back in to the Corporations so that the company could be sold. Mr. Densmore had no signing authority to sign checks, and had no other authority to commit the company to any obligation according to the bylaws Mr. Densmore's only responsibility was to assume the presidency of the company until the sale of the company was completed.

11. On or about December 5, 2006 Gregory N Boyes wrote a letter to Frederick Sleet, tax consultant, explaining Mr. Densmore's responsibility and the fact that Mr. Densmore had no signing authority. However on the Report of Interview with Individual Related to Trust Fund Recovery Penalty the Revenue Officer provided erroneous information not taking into account the facts of Mr. Densmore's involvement with company. If the IRS personnel would have reviewed both documents prepared at the due process hearing they would have noticed that there are additions to the Form 4180 by the interviewer that are not correct. These additions to Form 4180 are in conflict with Gregory N Boyes who was an officer of the company and responsible for Employment Tax, and thus responsible for the Trust Fund Recovery Penalty which he admitted to in the due process meeting. . Mr. Densmore"s was only associated with the company for three months, and Mr. Densmore response to the Interview which agrees with the Gregory N Boyes Interview documentation. These documents also stated that Mr. Densmore did not have the authority to sign checks, and according to the IRS Manual Mr. Densmore could not be responsible for any company or employment taxes and therefore could not be subject to the Trust Fund Recovery Penalty.

Complaint for Injunctive Relief and Declaratory                                                        6

According to the ISR Rev Manual the questions to be contemplated are as follows:

- Who is responsible for collecting and paying withheld income and employment taxes, or for paying collected excise taxes; and

- Who willfully exists as the responsible person

- Knew about the unpaid taxes; and

- Used the withheld or collected funds to keep the business going, allowed available funds to be paid to other creditors other than the IRS or otherwise failed to pay over the taxes to IRS.

12. Mr. Densmore does not fall under any of the definitions above therefore he is not liable for the Trust Fund Recovery Penalty. Also note that additions have been made to Gregory N Boyes Interview Sheet notes where the Revenue Officer tried to include Mr. Densmore which is fraudulent and Mr. Densmore may have a claim pursuant to 26 U.S.C. § 7433. Once the taxpayer rebuts the presumption, the burden reverts to the IRS to show that is determination was and is correct.

**COUNT 1-REQUEST FOR PRELIMINARY INJUNCTION RULE (65)**

13.     Plaintiff will suffer irreparable injury if defendant is not enjoined during the pendency of this lawsuit from stopping the Defendant from a levying the Plaintiff's bank account, which is used to support him and keep him in good standing with his mortgage so that he will go into foreclosure. If Plaintiff goes into foreclosure he will not be in a position to find a place to live. *Sampson v Murray 415 U.S. 61, 88-89, 94 S.Ct 937, 952-53(1974); Hoechst Diafoil Co. v Nan Ya Plastics Corp., 174 F.3d 411, 417(4th Cir. 1999)*

14. There is a substantial likelihood that Plaintiff will prevail on the merits because the Plaintiff was not responsible for the tax, and therefore is not responsible for the Trust Fund Recovery Penalty, and pursuant to Internal Revenue Code § 6672(a), provides in pertinent part that only a person who has the authority to pay the tax is liable for the Trust Fund Recovery Penalty. *(U.S. V Microsoft Corp. 147 F.3d 935, 943(D.C. Cir. 1998) DSC Comm. Corp*

15. Noel Delgado, threatened Plaintiff with a levy after the lien was filed erroneously on Trust Fund Recovery Penalties that the Plaintiff does not owe. This far outweighs the harm a preliminary injunction would inflict on Defendant *(See Hoechst, 174 F.3d at 417; Microsoft, 147 F.3d at 943).*

16. Issuance of a preliminary injunction is not against the public interest because the Plaintiff does not owe the Trust Fund Recovery Penalties. *(Hoechst, 174 F.3at 4`7; DSC, 81 F.3d at 600)*

17. Plaintiff asks the court to set his application for preliminary injunction for hearing at the earliest possible time and, after hearing the request issue a preliminary injunction against defendant.

## COUNT 2-REQUEST FOR DECLARATORY JUDGMENT

18. Plaintiff brings this claim for a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C.§§ 2201, 220.

19. The fact that Plaintiff was subjected to illegal collection practices, intentional and willful harassment, and the recipient of fraudulent documentation to collect a debt to the government that the Plaintiff does not owe by the named revenue officer Noel Delgado.

Complaint for Injunctive Relief and Declaratory                                                    8

## CAUSE OF ACTION

20.    Plaintiff incorporates the allegations set forth in paragraphs 1-19 as if set forth fully herein.

21.    Plaintiff has exhausted his administrative remedies with respect to the Collection Due Process Hearings. Defendants have unlawfully violated IRS Rule  of Misconduct, and reported fraudulent information on an official document in violation of 18 U.S.C. § 1001.

## REQUESTED  RELIEF

22.    For these reasons, Plaintiffs asks the court for a judgment against defendant for the following:

a. Declare the Plaintiff owes nothing with respect to the Trust Fund Recovery Penalties.

b. Stop the IRS from  harassing the Plaintiff.

c. Release the lien filed against Plaintiff.

d. Provide for expeditious proceedings in this action;

e. Award Plaintiff his costs and reasonable attorneys fees incurred in this action; d

g. Return Personal Tax  Return  Refunds for prior years wrongly withheld:

h. Prohibit the IRS from Levying on Plaintiff 's bank accounts

i. Grant such other relief as the Court may deem just and proper.

Complaint for Injunctive Relief and Declaratory                                              9

Respectfully submitted,

BY: _____
Michael A Casey
Texas Bar No. 03958700
PO Box 2577
Arlington, Texas 76004
Tel. (817) 269-8822
Attorney for Plaintiff
Thomas Densmore

DATE: September 21, 2011

Complaint for Injunctive Relief and Declaratory                                    10

JS 44 (TXND Rev. 2/10)

**CIVIL COVER SHEET** 3-11CV2468-N

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
THOMAS DENSMORE

**DEFENDANTS**
Commissioner of the Internal Revenue Service
Noel Delgado

**(b)** County of Residence of First Listed Plaintiff   DALLAS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Multi County/Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
SEP 21 2011
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
MICHAEL CASEY   (817) 269-8822
PO Box 2577
Arlington, Texas 76004

Attorneys (If Known)
Department of Justice

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability   ☐ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability   ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability   ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☒ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations   ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | Under Equal Access |
|  | Employment   ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition | Alien Detainee |  | ☐ 950 Constitutionality of |
|  | Other | ☐ 465 Other Immigration |  | State Statutes |
|  | ☐ 440 Other Civil Rights | Actions |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. 7213, 26 U.S.C. 7214, 26 U.S.C. 7431, 26 U.S.C. 7433
Brief description of cause:
Wrongful Collection Action

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____